UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROSE ANN NOVELLA and ROSARIO NOVELLA,     Index No. 08-CV-0149 (PKC)
her husband,

                     Plaintiffs,          **ANSWER**

              - against –                Jury Demanded

CARL FERGUSON, ROSE FERGUSON, JOHN DOE 1-5
(fictitious names), ABC CORPORATION 1-5 (fictitious
names), jointly, severally and in the alternative,

                     Defendants.
------------------------------------------------------------------------X

       Defendants, CARL FERGUSON and ROSE FERGUSON (hereinafter "Ferguson") by their attorneys, SHAPIRO, BEILLY, ROSENBERG & ARONOWITZ, LLP, answering the Complaint of the plaintiffs, hereby allege as follows, upon information and belief:

### JURISDICTION AND VENUE

       FIRST:     Deny knowledge or information sufficient to form a belief with respect to each and every allegation contained in paragraphs marked and designated "1" and "2" in the section entitled "Jurisdiction and Venue" of plaintiff's Complaint and respectfully refer all questions of law to this Honorable Court.

### ANSWERING THE FIRST COUNT

       SECOND: Deny knowledge or information sufficient to form a belief with respect to each and every allegation contained in paragraphs marked and designated

"1", "3", "4", "5" and "6" in the section entitled "First Count" of the plaintiff's Complaint.

THIRD: Deny each and every allegation contained in paragraph "2" in the section entitled "First Count" of the plaintiff's Complaint except admits that on April 15, 2005, defendant, CARL FERGUSON operated a motor vehicle owned by defendant, ROSE FERGUSON.

FOURTH: Denies knowledge or information sufficient to form a belief with respect to each and every allegation contained in the paragraph marked and designated "7" in the section entitled "First Count" of the plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

FIFTH: Denies each and every allegation contained in the paragraphs marked and designated "8" and "9" in the section entitled "First Count" of the plaintiff's Complaint.

### ANSWERING THE SECOND COUNT

SIXTH: Defendants repeat and reiterate their responses to the allegations set forth in the paragraphs marked and designated "FIRST" through "FIFTH" as reiterated in paragraph "1" in the section entitled "Second Count" of the plaintiff's Complaint with the same force and effect as if set forth in length.

SEVENTH: Denies knowledge or information sufficient to form a belief with respect to each and every allegation contained in paragraph marked and designated "2" in the section entitled "Second Count" of the plaintiff's Complaint.

EIGHTH: Denies each and every allegation contained in the paragraph marked and designated "3" in the section entitled "Second Count" of the plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The plaintiff did not sustain a serious injury as defined by Section 5102 of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance law of the State of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The plaintiff's cause of action is barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the plaintiff did not use the available safety devices including seat belts and harnesses therein provided, and breached a duty of due care, and that the damages claimed to have been sustained were caused by the lack of use of the safety devices including seat belts and harnesses, in that he did not avail himself of the safety devices to mitigate the injuries, if any, herein; and further failed to comply with Section 1229-c of the Vehicle and Traffic Law of the State of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That the plaintiff, by not using the available safety devices including seat belts and harnesses, acted unreasonably and in disregard of his own best interest and, accordingly, should not be permitted to recover damages for those injuries that he sustained, which the use of available safety devices would have obviated, in violation of Section 1229-c of the Vehicle and Traffic Law of the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That whatever injuries and/or damages sustained by the plaintiff, at the time and place alleged in the Complaint, were in whole or in part the result of the culpable conduct of the plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

If any damages are recoverable against this said answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff have or shall receive from such collateral source.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

There is another action pending arising from the same incident and seeking the same relief in the Supreme Court, Orange County entitled <u>Novella v. Ferguson</u>, Index No.: 537/08.

**WHEREFORE**, defendants CARL FERGUSON and ROSE FERGUSON demand judgment against the plaintiffs dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
April 3, 2008

Yours, etc.,

_____
SANDRA L. BONDER (SB3492)
SHAPIRO, BEILLY, ROSENBERG
& ARONOWITZ, LLP
Attorneys for Defendants
**CARL FERGUSON and ROSE FERGUSON**
225 Broadway – 13th Floor
New York, New York 10007
(212) 267-9020
File No. A-5213 (SLB)

TO:   LAW OFFICES OF JOSEPH INGARRA
Attorneys for Plaintiff
145 Wall Street
P.O. Box 31901
Kingston, New York 12402
(845) 331-7377

SHAPIRO, BEILLY,
ROSENBERG &
ARONOWITZ, LLP

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ):ss
COUNTY OF NEW YORK )

KATHRYN FILBERT, being duly sworn deposes and says that she is not a party in this action, that she resides in the County of Kings, State of New York, and that she is over the age of 18 years.

That on April 3, 2008, she served the annexed **ANSWER** by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

> LAW OFFICES OF JOSEPH INGARRA
> Attorneys for Plaintiffs
> 145 Wall Street
> P.O. Box 31901
> Kingston, New York 12402

_____
KATHRYN FILBERT

Sworn to before me this
3rd day of April, 2008.

_____
NOTARY PUBLIC
Kelly Filbert
Notary Public, State of New York
No. 01FI5026463
Qualified in Kings County
Commission Expires April 18, 2010

SHAPIRO, BEILLY,
ROSENBERG &
ARONOWITZ, LLP

Index No.: 08-CV-0149(PKC)

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

ROSE ANN NOVELLA AND ROSARIO NOVELLA, HER HUSBAND,

                                                      Plaintiffs,

        -against-

CARL FERGUSON AND ROSE FERGUSON, JOHN DOE 1-5 (FICTITIOUS NAMES), ABC CORPORATION 1-5 (FICTITIOUS FAMES), JOUNTLY, SEVERALLY AND IN THE ALTERNATIVE,

                                                      Defendants.

## ANSWER

**SHAPIRO, BEILLY, ROSENBERG & ARONOWITZ, LLP**
Attorney for Defendants
**CARL FERGUSON AND ROSE FERGUSON**
225 Broadway - 13th Floor
New York, New York 10007-3088
Tel No.: (212) 267-9020
**Our File No.: A-5213**
Fax No. (212) 608-2072

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:                                            Signature:
                                                    Print Signature Name:

Service of a copy of the within                  is hereby admitted.
Dated:

Attorney(s) for

PLEASE TAKE NOTICE

☐
NOTICE OF       that the within is a (certified) true copy of a
ENTRY            entered in the office of the clerk of the within named Court on        , 20 .
☐
NOTICE OF       that an Order of which the within is a true copy will be presented for settlement to the
SETTLEMENT   Hon.        one of the judges of the within named Court
                at                on        20   , at          M.
Dated:

**SHAPIRO, BEILLY, ROSENBERG & ARONOWITZ, LLP**
225 Broadway - 13th Floor
New York, New York 10007-3088
Tel No.: (212) 267-9020

TO:
Attorneys for: